IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

TERRY STAFFORD,

    Plaintiff,

V.                                    CIVIL ACTION NO. 3:03-0671

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

## FINDINGS AND RECOMMENDATION

Presently pending before the Court is defendant's motion to dismiss the complaint as not timely filed. Defendant brings her motion under the provisions of 42 U.S.C. §405(g), which provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The motion is supported by the declaration of Michael J. Riley, Acting Chief, Court Case Preparation and Review Branch 2, Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration, in which it is asserted that on April 28, 2000, an administrative law judge issued a decision denying plaintiff's application for supplemental security income. A copy of the decision was mailed to plaintiff and his attorney who then timely requested review of the decision by the Appeals Council. On October 26, 2000, the Appeals Council mailed

plaintiff and his attorney notice of its denial of the request for review, informing plaintiff of his right to commence a civil action within sixty days from the date of receipt. Mr. Riley represents that he is unaware of any request for an extension of time. Plaintiff filed his complaint on July 17, 2003, clearly well beyond the period contemplated by the statute and the Commissioner's regulations.

Although §405(g) provides for a sixty day period "from mailing" for filing suit, it also authorizes extension of the period to "such further time as the Commissioner of Social Security may allow." By regulation, the Commissioner has extended the period to sixty days after notice is "received," providing that the date of receipt "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. §422.210(c).

The response to the motion to dismiss contains assertions that neither plaintiff nor his attorney received the notice sent by the Appeals Council until it was submitted by defendant with her motion to dismiss. Counsel also asserts that he did not receive an acknowledgment of filing the request for review, which should have come back shortly after the Appeals Council received it. The response also refers to an attached affidavit described as being from counsel's office manager/secretary; however, it is actually signed by counsel and relates that the office manager contacted the Appeals Council on several occasions, although the only date specifically set forth is July 14, 2003, when this employee was informed that plaintiff's request for review had been denied in 2000. Plaintiff also asserts that his attorney sent medical records to the Appeals Council on August 23, 2002, and August 29, 2002, and received no information from the Appeals Council indicating the case had already been decided. Though plaintiff acknowledges that "[i]t is within the province of the Appeals Council to decide whether a claimant is entitled to an extension of time to file a civil action," he does not explain why he never sought such an extension.

Also attached to the response are fifteen letters, all unsigned, from counsel to plaintiff covering the period from August 15, 2000 through May 30, 2003. The letters, with the exception of the first one, all note that the case is pending before the Appeals Council where it can sometimes take "many months" for a decision. They all contain a request that plaintiff contact the attorney's office upon his receipt of the decision. Interestingly, in the first letter, dated May 9, 2000, counsel writes that "[i]t usually takes about 4-6 months for the Appeals Council to make a decision." In fact, the decision was made six months after the date of the administrative law judge's decision.

A review of the Appeals Council's decision shows that, consistent with defendant's representations, it was issued on October 26, 2000, and mailed to plaintiff at his correct address. A copy of the decision was also mailed to counsel. Plaintiff has introduced no evidence to rebut the presumption that notice of the decision was received by him within five days of its issuance, nor does the Court find that the evidence constitutes a "reasonable showing" sufficient to rebut the regulatory presumption.[1] Finding that the complaint was not timely filed and that the facts do not establish that "rare case" in which equitable tolling is appropriate, Bowen v. City of New York, 476 U.S. 467, 481 (1986), the Court concludes that defendant's motion to dismiss should be granted.

---

[1] See, Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997); McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987).

## **RECOMMENDATION**

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that defendant's motion to dismiss be granted and this case be dismissed and retired from the Court's docket.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED: May 10, 2006

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE